IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00118 REB-JMC

UNITED STATES OF AMERICA,

Plaintiff,

v.

DENNIS YARBROUGH.

Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**James M. Candelaria, United States Magistrate Judge**.

This matter is before the Court on Defendant's Motion To Suppress docket #22. Pursuant to 28 U.S.C. §636(b)(1) and D.C. Colo.L.Civ.R. 72.1(C)(3), the Motion has been referred to this Court for recommendation [docket # 31]. The Court has reviewed the relevant Motion, Plaintiff's Response, the entire case file, and the applicable law and is sufficiently advised in the premises.

For the reasons that follow, the Court **RECOMMENDS** Defendant's Motion to Suppress be **DENIED**.

I.   History

On July 2, 2019, Defendant pled guilty to a charge of Harassment-Strike, Shove, Kick, in violation of Colorado Revised Statute § 18-9-11(1)(a). The sentencing judge made a finding of underlying domestic violence by Defendant against "J.L.J" and Defendant received a deferred judgment. On March 3, 2020, Defendant admitted to violating the terms of his deferred

1

judgment and the domestic violence conviction was entered. There is no dispute by Defendant that on March 3, 2020 he was thereafter prohibited from possessing any firearms pursuant to Colorado State law as well as Federal law.

On March 5, 2021, the Durango Police responded to a call from J.L.J who indicated Defendant was keeping firearms at her residence and in a Zircon container located at her residence. In response, Detective Newman of the Durango Police Department began drafting a search warrant to search the home and the Zircon container for firearms. In drafting the affidavit, Detective Newman referred to the Defendant's prior conviction as "3rd degree assault (Domestic Violence) without citing a statute of conviction or a case number. Prior to presenting the search warrant to the La Plata County Court Judge, Detective Newman received a call from Defendant's counsel who said the Defendant was willing to cooperate in the investigation and further acknowledged that Defendant was storing guns within the home and container identified in the search warrant. In addition, J.L.J the actual owner of the home and Zircon container, provided detective Newman with consent to search both the home and container. All of the above information was included in the affidavit in support of the search warrant and was thereafter presented to the La Plata County Court Judge who signed the warrant finding probable cause that Defendant, as a prohibited person, possessed firearms at the residence and in the container. Upon execution of the warrant, several firearms were found within the home and the zircon container.

On April 8, 2021, a Federal Grand Jury indicted the Defendant charging one count of possession of a firearm by a prohibited person a violation of Title 18 USC § 922(g)(9). Defendant now challenges the validity of the search warrant signed by the La Plata County Court Judge contending the Detective's reference in the affidavit to 3rd Degree Assault (Domestic Violence) as Defendant's predicate offense was incorrect and had Defendant actually been

2

convicted of 3rd Degree Assault he would not be a prohibited person under any State or Federal statute. Thus, no cause existed for the issuance of a search warrant because possessing firearms after having only been convicted of 3rd Degree Assault is not a crime. Accordingly, pursuant to the "poisonous tree doctrine" Defendant seeks to have the "fruits" of the illegal search suppressed.

## II.     Legal Standard

A Fourth Amendment violation occurs if (1) an officer's affidavit supporting a search warrant application contains a reckless misstatement or omission that (2) is material because, but for it, the warrant could not have lawfully issued." *United States v. Moses*, 965 F.3d 1106,1110 (10th Cir. 2020) *citing Franks v. Delaware*, 438 U.S. 154 (1978).

## III.     Analysis

It is undisputed the Affiant mistakenly referred to Defendant's predicate conviction as 3rd Degree Assault (Domestic Violence) in the affidavit for the search warrant. However, Defendant must do more than identify the existence of a misstatement. Defendant bears the burden of making a "substantial preliminary showing" alleging a deliberate or reckless disregard for the truth. *Franks*, 438 U.S. at 155-56. An allegation of 'negligence or innocent mistake resulting in false statements in the affidavit" is insufficient. *Id.* At 171. Simply put, "honest errors by the affiant are not grounds for suppression." *United States v. Sanchez*, 725 F.3d 1243, 1247 (10th Cir. 2013). Here, Defendant fails to make a substantial preliminary showing of intentional or reckless disregard of the truth but instead characterizes the inclusion of the incorrect citation of conviction as "a simple mistake" and without any analysis concludes the mistake renders the warrant invalid. The Defendant fails to address part (2) of the *Franks* inquiry as to whether the "affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause.

3

*United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997). Setting aside the Detective's reference to 3rd Degree Assault (Domestic Violence), this Court must determine if the other information contained in the Affidavit is sufficient to support a finding of probable cause. *Id.*

Here, the Affidavit contains the following regarding probable cause as to Defendant's prohibited status: "Several weeks ago I did speak with a Probation Officer Kaeli Word as well as her supervisor, Frank Hawkins, and confirmed Yarbrough was on probation for the domestic violence incident." *See Affidavit* at p.2 ¶2; "J.L.J informed me that as a result of Yarbrough's DV conviction and being placed on probation he was to forfeit all of his firearms." *See id.* at p.2 ¶ 3; J.L.J. said "she was willing to turn in Yarbrough for the illegal possession of these weapons since his [sic] is a convicted domestic violence offender." *Id.* at p.3 ¶2 "While working on this affidavit, I received a call from Jim Garrett (private attorney for Yarbrough out of Pagosa Springs) . . . Garrett said that Yarbrough is currently storing guns within the identified residence and zircon." *Id* at p.3 ¶ 3. The above information in this Court's view provides ample support for the County Court Judge to find probable cause existed that Defendant had been convicted of a domestic violence crime and was therefore a prohibited person irrespective of the incorrect citation by the Detective.

Moreover, the significance Defendant places on the Detective's mischaracterization of Defendant's predicate offense as 3rd Degree Assault as an infirmity requiring nothing less than suppression is unpersuasive given that sections of 3rd Degree Assault as defined in C.R.S. § 18-3-204 contains elements of the use of force[1] which is what is required by Title 18 U.S.C. §921(33)(A)(ii) to qualify as a prohibited person.

---

[1] C.R.S.§ 18-3-204(1) A person commits the crime of assault in the third degree if: (a) The person knowingly or recklessly causes bodily injury to another person . . . .

4

This Court finds that the Detective's identification of Defendant's predicate crime as 3rd Degree Assault (Domestic Violence), though technically incorrect, is not material and does not render the County Court Judge's finding of probable cause to issue the search warrant in error given the affidavit contained numerous other facts and statements establishing probable cause.

## IV.   Conclusion

As set forth above, the Court RECOMMENDS the Defendant's Motion to Suppress be DENIED. Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).

Dated: July 19, 2021

_____
James M. Candelaria
U.S. Magistrate Judge

5